UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY DUANE BUSHO,

    Plaintiff,

v.                                            CASE NO.  8:13-cv-2921-T-30JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his applications for Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") (Tr. 11–18).  A hearing was held before the assigned Administrative Law Judge ("ALJ") on January 30, 2012, at which Plaintiff was represented by an attorney.  (Tr. 11.)  The ALJ found that Plaintiff was not disabled from April 20, 1998,[2] through March 29, 2012, the date of the ALJ's decision.  (Tr. 17–18.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

[2] As explained in this Report and Recommendation, the ALJ's decision reflects an incorrect alleged disability-onset date.  (*See* Tr. 11.)

In reaching his decision, the ALJ found that Plaintiff had the severe impairments of "right shoulder stenosis/rotator cuff tear; cervical stenosis/spondyliosis, post surgery; and lumbar stenosis/spondyliosis, post surgery." (Tr. 13.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours out of an eight-hour day with normal breaks. The claimant can stand and/or walk for six hours out of an eight-hour day with normal breaks. The claimant can occasionally climb ladders, ropes, scaffolds, ramps, or stairs; balance; stoop; crawl; crouch; and kneel. The claimant is limited to frequent reaching in all directions, including reaching overhead, with his right arm. The claimant must avoid concentrated exposure to extreme cold and extreme heat and avoid exposure to hazards.

(Tr. 14.)

Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. For the reasons stated in the attached transcript of the pronouncement of recommendation on June 27, 2014 (Doc. 31),[3] which is incorporated herein by reference, and as elaborated on herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED AND REMANDED**.

## I. Standard of Review

As the Eleventh Circuit has stated:

> We review the ALJ's decision to determine if it is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as

---

[3] The attached transcript is erroneously entitled "Transcript of Pronouncement of Decision" and includes a caption stating that the case is in the Court's Jacksonville Division. The transcript is of the undersigned's pronouncement of *recommendation* and this case is in the Tampa Division.

2

>adequate to support a conclusion. Even if the evidence preponderates against the ALJ's findings, we must affirm if the decision reached is supported by substantial evidence. In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. With respect to the ALJ's legal conclusions, however, our review is *de novo.*

*Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (per curiam) (citations and quotation marks omitted).

## II. Discussion

### A. The ALJ's decision is tainted by an erroneous determination of Plaintiff's alleged disability-onset date.

Plaintiff argues that the Commissioner's decision should be reversed because "[t]he ALJ's decision is based on supporting facts that are either incorrect or [c]ited incorrectly." (Doc. 23 at 4.) Specifically, Plaintiff argues that the ALJ believed Plaintiff's alleged disability-onset date to be April 20, 1998, which is more than ten years earlier than Plaintiff's actual alleged disability-onset date of July 21, 2008. (*Id.*)

As stated in the attached transcript, the undersigned agrees that the ALJ committed reversible error, even though the mistake stems from Plaintiff's own SSI application (Tr. 176). On May 22, 2009, Plaintiff filed two concurrent applications for disability benefits with the Social Security Administration, one for DIB and one for SSI. (Tr. 167, 171.) On his DIB application, Plaintiff alleged a disability-onset date of July 21, 2008. (Tr. 167.) But on his SSI application, he gave his disability-onset date as April 20, 1998. (Tr. 171.) The ALJ apparently took the alleged disability-onset date from Plaintiff's SSI application.

However, "Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 111–12 (2000); *see also Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) ("A hearing before an ALJ is not an adversary proceeding.").

Consequently, "the ALJ has a basic obligation to develop a full and fair record." *Graham*, 129 F.3d at 1422. Here, the ALJ did not meet this obligation. The record in this case makes clear that Plaintiff's DIB application provided the correct disability-onset date. For example, Plaintiff showed substantial earnings for every year from 1997 through 2008, with the exception of 1999.[4] (*See* Tr. 195.) At the very least, the obvious discrepancy between the two applications should have prompted the ALJ to obtain clarification. A minimal inquiry would have disclosed the error.

Moreover, this error prejudiced Plaintiff, and therefore requires reversal. *See Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (applying harmless error analysis to affirm an ALJ's decision). In determining Plaintiff's RFC, the ALJ discounted Plaintiff's testimony about the extent of his impairments. "If the ALJ finds that the testimony of the claimant is not credible the ALJ must articulate the reasons for finding the lack of credibility." *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009). In supplying these reasons, the ALJ observed that Plaintiff's April 20, 1998 "alleged onset date has very little support," that Plaintiff "had no treatment from February 2008 until May 2009," and that Plaintiff "reportedly worked until July 2008." (Tr. 16.) However, as Plaintiff's proper alleged disability-onset date was July 21, 2008, one would expect there to be little support for an onset date of ten years earlier. Further, in light of the correct onset date, the fact that Plaintiff worked until July 2008 does not undermine Plaintiff's credibility, and neither does Plaintiff's lack of treatment before this date.

---

[4] Despite these earnings, the ALJ concluded that "[t]he claimant has not engaged in substantial gainful activity since April 20, 1998." (Tr. 13.) This conclusion is clearly erroneous and not supported by substantial evidence.

4

For this reason alone, the undersigned recommends that the Commissioner's decision be reversed and remanded, so that the ALJ can reconsider his decision, including his determination of Plaintiff's credibility, in light of Plaintiff's correct alleged disability-onset date.

> **B.     On remand, the ALJ should state the weight he gives to the testimony of Plaintiff's girlfriend, and his reasons for giving such testimony that weight.**

Next, Plaintiff argues that the ALJ erred by failing "to give proper weight to the testimony of Claimant's girlfriend," Michelle Zimmer.  (Doc. 23 at 5.)  In his decision, the ALJ noted that "the claimant's girlfriend testified that the claimant can walk no more than 1/2 a block."  (Tr. 16.)  But the ALJ never mentions Ms. Zimmer's testimony again, does not assign it any particular weight, and never explicitly discounts it.  In support of his contention that this constitutes reversible error, Plaintiff offers one Eleventh Circuit case reversing the Commissioner in part because the ALJ "failed to state the weight accorded to each item of impairment evidence and the reasons for his decisions on such evidence." *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).  This "impairment evidence" included "an affidavit by [claimant's] daughter which in effect stated that [claimant] could no longer care for herself."  *Id.* at 622.

Because it is obvious that the ALJ implicitly discounted Ms. Zimmer's testimony, his failure to specify the weight assigned to Ms. Zimmer's testimony might not support reversal on its own.  *See Taylor v. Comm'r of Soc. Sec.,* 213 F. App'x 778, 781 n.1 (11th Cir. 2009) (stating that an ALJ need not "specifically refer to every piece of evidence in his decision").  However, because the undersigned recommends reversal and remand on the first issue identified above, the undersigned also recommends that the Court order

the ALJ to state the weight he gives to Ms. Zimmer's testimony, and his reasons for doing so.

    **C.** **The ALJ erred in placing great weight on a physical RFC assessment done by a state agency doctor prior to Plaintiff's spine surgeries.**

  Finally, Plaintiff argues that the ALJ erred in affording great weight to a physical RFC assessment done by Dr. Murthy Ravipati on October 22, 2009. (*See* Doc. 23 at 9–10.) As discussed in the attached transcript, Dr. Ravipati's assessment (Tr. 352–59) relied in part upon a consultative exam performed by Dr. Krishna Moorthy on July 16, 2009 (Tr. 302–07). (*See* Tr. 353.) But both Dr. Moorthy's exam and Dr. Ravipati's assessment were done before Plaintiff underwent two spinal fusion surgeries, in November 2009 (cervical) and 2011 (lumbar). The undersigned therefore agrees with Plaintiff that the ALJ's assignment of great weight to Dr. Ravipati's early assessment was unreasonable, and therefore not supported by substantial evidence. Reversal and remand is recommended for this reason.

  Plaintiff argues that the ALJ should have ordered another examination of Plaintiff, so as to fully develop the record. (*See* Doc. 23 at 9.) The undersigned recommends that on remand, the Court leave this decision to the ALJ, as additional medical records may make such an examination unnecessary. That said, the ALJ should be reminded of his obligation to develop a full and fair record upon which to base his decision. *Graham*, 129 F.3d at 1422.

### III. Conclusion

For the reasons stated herein, the undersigned recommends that the ALJ committed reversible error. Therefore, the case should be reversed and remanded for further administrative proceedings.

Accordingly, it is respectfully **RECOMMENDED** that this Court's order state in substance the following:

"1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the ALJ is required to (a) reconsider Plaintiff's applications and the record in light of the correct alleged date of disability onset; (b) reevaluate Plaintiff's credibility; (c) reevaluate the testimony of Ms. Zimmer, and state the weight assigned to this testimony and why; (d) reconsider Dr. Murthy Ravipati's opinions; (e) ensure that a full and fair record is developed; (f) reconsider Plaintiff's RFC, if appropriate; and (g) conduct any further proceedings deemed appropriate.

3. Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorneys' fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for fees. *See In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. § 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). The extension does not apply to the filing of a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4.	The Clerk of the Court is **DIRECTED** to enter judgment consistent with the Order and close the file."

**DONE AND ENTERED** at Jacksonville, Florida, on September 29, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Attachment:

Transcript of June 27, 2014
Pronouncement of Recommendation

Copies (w/ attachment) to:

The Honorable James S. Moody, Jr.
Senior United States District Judge

Counsel of Record

8